UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOYCE WHITE, on behalf of herself and all others similarly situated, | NO. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86, AND THE COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 |
| v. | |
| CHIME FINANCIAL, INC., | |
| Defendant. | DEMAND FOR TRIAL BY JURY |

COMES NOW the Plaintiff, JOYCE WHITE ("Plaintiff"), by and through undersigned counsel, for causes of action against the above-named Defendant, Chime Financial, Inc. (hereinafter "Defendant" or "Chime"), and complains and alleges as follows:

1. Defendant is a financial technology company that offers banking products and services in partnership with national banks, including services that allow consumers to get advances on their direct deposits,[1] through its website (www.chime.com) and mobile app (the "Chime Mobile App" or "Defendant's App").

2. To market its products and services, Chime created a referral program.[2] Chime encourages users to refer their contacts to its services by rewarding users for each successful referral. Under the current incentives offered by the referral program, when a referred

---

[1] *See* About Us, www.chime.com/about-us/ (last visited July 30, 2025).

[2] Chime Team, *Chime's Referral Program: Everything You Need to Know* (March 24, 2025), available at https://www.chime.com/blog/chime-referral-program/.

CLASS ACTION COMPLAINT FOR - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  individual signs up for Chime, using the referring individual's specific referral link, and has a
2  "qualifying direct deposit" of at least $200 within 45 days of opening their account, both the
3  referring user and the referred contact receive a reward deposited into their Chime accounts.[3]

4      3.    The Chime Mobile App assists users in referring contacts. All the user has to do
5  is tap "Refer" under Settings or click the "referral widget" on the Home screen, in the Chime
6  Mobile App, which then generates a unique referral link for sharing directly[4] from that App
7  screen. It also has the option to provide a list of contacts from a user's phone with a button next
8  to each labeled "Get $100," or whatever the current offered reward amount is, and suggests that
9  the user "Invite friends."



20      4.    Refer-a-friend marketing, such as Chime's referral program, is a way for
21  companies to mass market their services via text message without directly spamming
22  consumers—instead they pay and enable their users to spam consumers for them.
23      5.    Chime enabled and assisted one of its users to send Plaintiff a refer-a-friend text
24  message while Plaintiff was a Washington resident.

---

[3] Id.

[4] Id.

CLASS ACTION COMPLAINT FOR - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

6. Chime's conduct violated the Washington Consumer Electronic Mail Act ("CEMA"), RCW 19.190.010 *et seq.*, which makes it illegal for a person to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service ...." RCW 19.190.060.

7. "Assist the transmission" means "actions taken by a person to provide substantial assistance or support which enables any person to formulate, compose, send, originate, initiate, or transmit a commercial electronic mail message or a commercial electronic text message when the person providing the assistance knows or consciously avoids knowing that the initiator of the commercial electronic mail message or the commercial electronic text message is engaged, or intends to engage, in any practice that violates the consumer protection act." RCW 19.190.010.

8. A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.100; *Wright v. Lyft, Inc.*, 189 Wash.2d 718 (2017).

9. Plaintiff brings this action as a class action on behalf of persons who also received Chime's illegal spam texts. Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff and class members of statutory and exemplary damages for each illegal text, and an award of attorneys' fees and costs.

10. Plaintiff Joyce White is a natural person residing in San Juan County, Washington.

11. Defendant Chime Financial, Inc. is incorporated in Delaware and headquartered in San Francisco, California. Defendant provides and markets its products and services nationwide, including to Washington consumers, and conducts related business activities throughout Washington state. Defendant is a "person" as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1).

CLASS ACTION COMPLAINT FOR - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

12. This Court has subject matter jurisdiction over this civil action pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) because the amount in controversy exceeds $5,000,000 and at least one member of the class is a citizen of a different state than Defendant.

13. This Court may exercise personal jurisdiction over the out-of-state Defendant because the claims alleged in this civil action arose from, without limitation, Defendant's assistance in the transmission of commercial electronic text messages to consumers within the State of Washington. In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

14. Venue is proper under 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District

**A.      The CEMA prohibits initiating or facilitating commercial text messages**

15. The CEMA originally precluded unwanted emails that contain false or misleading information. The Washington legislature amended the CEMA to "limit the practice" of sending commercial text messages to cell phones. *Lyft*, 189 Wash.2d at 724 (quoting WASH. LAWS OF 2003, CH. 137, § 1).

16. The CEMA prohibits persons conducting business in the state of Washington to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages." RCW 19.190.060(1).

17. The statute provides a private cause of action to persons who received texts in violation of CEMA to enjoin further violations. RCW 19.190.090.

18. A person who receives a text message in violation of the CEMA may bring a claim for damages under Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

19. To establish a violation of Washington's CPA, a claimant must establish five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that affects

CLASS ACTION COMPLAINT FOR - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the public interest, (4) injury to plaintiff's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986).

20.     A violation of RCW 19.190.060 establishes all five elements of the CPA *vis a vis* RCW 19.190.060(2) (providing the practices prohibited under the statute "are matters vitally affecting the public interest" and "are not reasonable in relation to the development and preservation of business" and constitute "an unfair or deceptive act in trade or commerce and an unfair method of competition" for the purpose of applying the CPA). *See also Lyft*, 189 Wash.2d at 733 (holding a violation of RCW 19.190.060 establishes the injury and causation elements of a CPA claim as a matter of law).

**B.     Defendant assists the transmission of commercial marketing texts**

21.     Defendant promotes the sale of its products and services through its referral marketing program.

22.     Without an influx of new users generated through its referral program, Chime's revenue would be adversely impacted. As stated by Chime in a recent filing with the Securities and Exchange Commission, "since 2022, member referrals have been the single largest channel of new Active Member growth at Chime."[5]

23.     While referred individuals can download the Chime Mobile App and set up their account for free, they must have a "qualifying direct deposit" of at least $200 in order for both the referring user and the referred contact to receive a reward.[6]

24.     Chime generates the majority of its revenue through interchange fees from debit and credit card transactions by its users.[7] So the more users it has, the more purchases are made with its products, and the more revenue it earns.

---

[5] Chime Financial, Inc. Form S-1 (May 13, 2025), available at https://www.sec.gov/Archives/edgar/data/1795586/000162828025025059/chimefinancialinc-sx1wq1da.htm

[6] Chime Team, *supra* n.2.

[7] Form S-1, *supra* n.5.

CLASS ACTION COMPLAINT FOR - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

25. Additionally, Chime generates "platform-related revenue from other products offered to [consumers] that provide additional convenience, financial management tools, and access to liquidity."[8] This includes "fees from access to out-of-network ATMs, MyPay instant transfer fees, net revenue based on high yield savings balances, partnerships revenue (which includes referral fees for third-party products), voluntary SpotMe tips, and fees from cash deposits made at locations outside [its] free network."[9] For these products as well, the more users Chime has, the more revenue Chime earns.

26. Defendant pays its users to recruit additional users in order to drive revenues. Chime encourages users to send referrals to as many people as possible and to send reminders in order to "earn the most from Chime's referral program."[10]

27. The Chime Mobile App assists in the transmission of illegal text messages through a series of prompts within the App, such as those depicted below. Once a user clicks the "Invite friends" option, Defendant's App takes them to a page where Defendant's App accesses the user's phone contacts and allows the user to click to select individuals to send electronic text messages to through Defendant's referral program:

---

[8] *Id.*

[9] *Id.*

[10] Chime Team, *supra* n.2.

CLASS ACTION COMPLAINT FOR - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992




28. The Chime Mobile App generates an electronic message to be sent to any contacts for which the user clicks the "Get $100." If the user clicks "Get $100," Chime sends the message with no further involvement from the user.



CLASS ACTION COMPLAINT FOR - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

29. If the user instead clicks, "Share your link," The app automatically provides its standardized, pre-composed message soliciting the contact to join Chime and containing a hyperlink the contact can click to create an account:



30. The pre-composed text message includes an invitation to join in exchange for the promise of money for both the contact and referring user, and a unique referral link that allows Chime to identify the sender of the message:

CLASS ACTION COMPLAINT FOR - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

31. All the user has to do is select a contact and hit send.

32. Defendant substantially assists and supports its users in sending illegal text messages by, *inter alia*: a) encouraging and incentivizing its users to send referral messages by compensating them with money; b) technologically enabling its users to initiate referral text messages through the Chime Mobile App; c) generating and providing unique user-specific referral links that a text recipient can use to sign up for Defendant's services; and d) composing text to be sent as part of the "Invite friends" text messages.

33. Defendant does not obtain recipients' clear and affirmative consent in advance to receive the referral text messages and consciously avoids knowing whether its users send the commercial marketing text messages without obtaining recipients' clear and affirmative consent in advance to receive the referral text messages.

34. Defendant knows that its users are seeking payment through the referral program for referring Washington residents to Chime, often by text message. But Defendant knows or consciously avoids knowing whether its users send the commercial marketing text messages without obtaining recipients' clear and affirmative consent in advance to receive the referral text messages.

35. Defendant does not employ any meaningful controls from within the App to ensure that its users obtain recipients' clear and affirmative consent in advance to receive the referral text messages before enabling them to send the commercial marketing text messages.

C. **Defendant assisted in the transmission of illegal text messages to Plaintiff**

36. At all times relevant to this Complaint, Plaintiff has resided in the State of Washington.

37. At all times relevant to this Complaint, Plaintiff has subscribed to a cellular telephone number with a Washington Area code.

38. Plaintiff's cellular telephone has the capacity to send and receive transmissions of electronic text messages.

CLASS ACTION COMPLAINT FOR - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

39.     On February 20, 2024, Plaintiff received an unsolicited commercial electronic text message inviting her to sign up for Defendant's services. The text included Chime's pre-composed, standardized language and contained a link directing Plaintiff to Chime's website to create an account thereon.

40.     This is a screenshot of the text Plaintiff received:

> Tuesday, Feb 20, 2024 • 11:47 AM
>
> We'll both earn $100 when you join Chime and receive a qualifying direct deposit! Learn more.
> https://chime.com/r████████

41.     Plaintiff did not provide clear and affirmative consent in advance to receive the text message above.

42.     Plaintiff's privacy was invaded by the text message she received promoting Defendant's products and services.

43.     <u>Class Definition</u>. Plaintiff brings this case as a class action under Fed. R. Civ. P. 23(b)(3), on behalf of a Class defined as:

> All persons[11]:
>
> 1) to whose telephone number Defendant assisted in the transmission of one or more commercial electronic text messages as part of its referral program from four years prior to the date of this complaint's filing through the date the Court certifies the Class;

---

[11] As that term is defined in RCW 19.190.010(11) and RCW 19.86.010(a).

CLASS ACTION COMPLAINT FOR - 10

  2) where such message was sent while such person was a Washington resident; and

  3) while the number to which the message was sent was assigned for cellular phone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

44. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. The Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

45. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. The common questions of law and fact include, but are not limited to:

  a. Whether Defendant assisted the transmission of commercial electronic text messages to recipients residing in the State of Washington in violation of RCW 19.190.060;

  b. Whether a violation of RCW 19.190.060 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq.*;

  c. Whether Plaintiff and the proposed Class are entitled to an injunction enjoining Defendant from sending the unlawful texts in the future; and

  d. The nature and extent of Class-wide injury and damages.

46. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's

CLASS ACTION COMPLAINT FOR - 11

claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

47. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and class actions involving unlawful text messages under Washington law. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

48. <u>Predominance</u>. Defendant has a standard practice of assisting the transmission of commercial electronic text messages to subscribers of cellular telephone numbers residing in the State of Washington. The common issues arising from this conduct predominate over any individual issues. Adjudication of these issues in a single action has important and desirable advantages of judicial economy.

49. <u>Superiority</u>. Plaintiff and members of the Class have been injured by Defendant's unlawful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendant's records and there will be no significant difficulty in the management of this case as a class action.

50. <u>Injunctive Relief</u>. Defendant's conduct is uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole. Plaintiff further alleges, on information and belief, that the texts described in this Complaint are substantially likely to continue in the future if an injunction is not entered.

CLASS ACTION COMPLAINT FOR - 12

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## FIRST CLAIM FOR RELIEF
### (Violations of Washington's Commercial Electronic Mail Act, RCW 19.190, *et seq*.)

51. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52. Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or assisting the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular telephone or similar device.

53. Defendant is a "person" within the meaning of the CEMA, RCW 19.190.010(11).

54. Defendant assisted the transmission of one or more commercial electronic text messages to Plaintiff and proposed Class members.

55. Defendant's acts and omissions violated RCW 19.190.060(1).

56. Defendant's acts and omissions injured Plaintiff and proposed Class members.

57. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.060(1).

## SECOND CLAIM FOR RELIEF
### (Per se violation of Washington's Consumer Protection Act, RCW 19.86, et seq.)

58. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

59. Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

60. Defendant violated the CEMA by assisting in the transmission of an unsolicited commercial electronic text message to Plaintiff and Class members' cellular telephones or similar devices.

61. A violation of the CEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law. RCW 19.190.100; *Lyft*, 189 Wash.2d at 731-2.

CLASS ACTION COMPLAINT FOR - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

62. Defendant's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

63. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

64. Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 189 Wash.2d at 731-2.

65. Defendant engaged in a pattern and practice of violating the CEMA. As a result of Defendant's acts and omissions, Plaintiff and Class members have sustained damages, including $500 in statutory damages, for each and every text that violates the CEMA. The full amount of damages will be proven at trial. Plaintiff and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

66. Under the CPA, Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, request judgment against Defendant as follows:

A. That the Court certify the proposed Class;

B. That the Court appoint Plaintiff as Class Representative;

C. That the Court appoint the undersigned counsel as counsel for the Class;

D. That the Court should grant declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to engage in the unlawful conduct described in this Complaint;

E. That, should the Court permit Defendant to engage in or rely on spam texting, it enter a judgment requiring Defendant to adopt measures to ensure CEMA compliance, and that

CLASS ACTION COMPLAINT FOR - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the Court retain jurisdiction for a period of at least six months to ensure that Defendant complies with those measures;

      F.     That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the CEMA;

      G.    That Defendant be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class;

      H.    That Plaintiff and all Class members be awarded statutory damages in the amount of $500 for each violation of the CEMA pursuant to RCW 19.190.040(1) and treble damages pursuant to RCW 19.86.090;

      I.     That the Court enter an order awarding Plaintiff reasonable attorneys' fees and costs; and

      J.     That Plaintiff and all Class members be granted other relief as is just and equitable under the circumstances.

Plaintiff demands a trial by jury for all issues so triable.

DATED this 1st day of August, 2025.

                TOUSLEY BRAIN STEPHENS PLLC

                By: *DRAFT*
                     Jason T. Dennett, WSBA #36080
                     jdennett@tousley.com
                     Kaleigh N. Boyd, WSBA #52684
                     kboyd@tousley.com
                     1200 Fifth Avenue, Suite 1700
                     Seattle, Washington  98101
                     Telephone:  206.682.5600/Fax: 206.682.2992

                     E. Michelle Drake*
                     John G. Albanese*
                     BERGER MONTAGUE PC
                     1229 Tyler Street NE, Suite 205
                     Minneapolis, MN 55413
                     Tel: (612) 594-5999
                     Fax: (612) 584-4470
                     emdrake@bergermontague.com

CLASS ACTION COMPLAINT FOR - 15

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | jalbanese@bergermontague.com |
| 2 | James Hannaway* |
| 3 | BERGER MONTAGUE PC<br>1001 G Street, NW |
| 4 | Suite 400 East<br>Washington, D.C. 20001 |
| 5 | Telephone: 202-559-9740<br>Facsimile: 215-875-4604 |
| 6 | jhannaway@bergermontague.com |
| 7 | *Attorneys for Plaintiff* |

CLASS ACTION COMPLAINT FOR - 16